# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **XIAOTIAN LIU**,<br><br>**Plaintiff,**<br><br>v.<br><br>**KRISTI NOEM**, Secretary of the Department of Homeland Security;<br><br>**TODD LYONS**, Acting Director of the Immigration and Customs Enforcement;<br><br>**Defendants.** | No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. On or about Friday, April 4, 2025, the United States Department of Homeland Security ("DHS") unilaterally terminated the F-1 student status of numerous students throughout the United States under the SEVIS [Student and Exchange Visitor] system for unknown and unspecified reasons.[1] Plaintiff Xiaotian Liu is one of these students.

2. Since September 2023, Xiaotian has been studying computer science as a doctoral student at Dartmouth College in Hanover, New Hampshire. He has not committed a traffic

---

[1] Elizabeth Román, "5 Umass Amherst students have visas revoked," *NHPR* (Apr. 5, 2025), https://www.nhpr.org/2025-04-05/5-umass-amherst-students-have-visas-revoked; Katy Stegall and Esmeralda Perez, "Five USCD students' visas revoked and additional person deported, university confirms," *CBS8* (Apr. 5, 2025), https://www.cbs8.com/article/news/local/five-ucsd-students-f-1-visas-revoked-additional-deported/509-2c257e52-4a31-42f7-8e3e-f6bd92a287b3; Molly Farrar, "Feds quietly revoke visas of multiple Umass, Harvard students," *Boston.com* (Apr. 6, 2025), https://www.boston.com/news/local-news/2025/04/06/feds-quietly-revoke-visas-of-multiple-umass-harvard-students/.

1

violation, let alone a crime, in the United States. Nor has he participated in any protest in the United States or elsewhere. He came to the United States to study computer science. He already proved his academic ability, as he obtained a GPA of 4.0 out of 4.0 for his Masters program.

3. Xiaotian's dream of finishing his doctoral program and obtaining a Ph.D. at Dartmouth College is now in severe jeopardy because of DHS's decision to abruptly terminate his F-1 student status under the SEVIS system without affirmatively notifying him or even his school on or about Friday, April 4, 2025.

4. On April 4, 2025, Dartmouth College sent Xiaotian an email stating that the College "discovered this evening that [his] F-1 record in SEVIS [Student and Exchange Visitor system] ha[d] been terminated by [DHS]." The College emphasized that "this [wa]s not standard or normal procedure," and that, "[o]ver the last several days[,] universities have been reporting similar record terminations for their international students."

5. According to the College, DHS's SEVIS[2] system database indicated the following for Xiaotian: "OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated."

6. The College explained to Xiaotian that it "d[id] not have access to any additional information as to why [Xiaotian's] SEVIS record was terminated[.]"

7. This news is shocking to Xiaotian because he has not violated any rules governing the maintenance of his F-1 student status such as "fail[ing] to maintain a full course of study[.]" *See* 8 C.F.R. § 214.2(f)(5)(iv).

8. In light of DHS's unilateral termination of Xiaotian's F-1 student status under the SEVIS system without any notice and sufficient explanation, Xiaotian can no longer pursue his

---

[2] SEVIS is "the web-based system that [DHS] uses to maintain information regarding:" F-1 "students studying in the United States[.]" https://studyinthestates.dhs.gov/site/about-sevis.

2

Ph.D. program as an F-1 student, including working as a research assistant. Not being able to work and participate in the studies as a research assistant has placed him in an extremely difficult financial and academic position, as his research assistantship is not only his only source of income, but also a core component of his doctoral training. In addition, he may face detention and deportation. Indeed, having and maintaining F-1 student status is critical because it can serve as a form of relief and defense in removal proceedings.

9. At the most elemental level, the United States Constitution requires notice and a meaningful opportunity to be heard. *See Choeum v. I.N.S.*, 129 F.3d 29, 38 (1st Cir. 1997) ("At the core of [a noncitizen's] . . . due process rights is the right to notice and the nature of the charges and a meaningful opportunity to be heard."); *Matthews v. Eldridge*, 424 U.S. 319, 322 (1976). No such process was provided here.

10. To be clear, Plaintiff does *not* challenge the revocation of his F-1 *visa* in this case, even assuming that his visa was actually revoked.[3] Instead, Plaintiff brings this lawsuit to challenge DHS's unlawful termination of his F-1 student status under the SEVIS system.[4] Indeed, the revocation of an F-1 visa does *not* constitute a failure to maintain F-1 student status and, therefore, cannot serve as a basis for termination of F-1 student status in the SEVIS system. For the agency-initiated termination of F-1 student status under the SEVIS system, DHS's ability to terminate F-1 student status "is limited by [8 C.F.R.] § 214.1(d)." *See Jie Fang v. Director U.S. Immigration & Customs Enforcement*, 935 F.3d 172, 185 n.100 (3d Cir. 2019). Under this 8 C.F.R. § 214.1(d), DHS can terminate F-1 student status under the SEVIS system *only* when: (1) a

---

[3] Upon information and belief, Plaintiff has received no direct communications from the U.S. State Department regarding the revocation of his F-1 visa.
[4] There is a difference between an F-1 student visa and an F-1 student status. The F-1 student visa refers only to the document noncitizen students receive to enter the United States, whereas F-1 student status refers to students' formal immigration classification in the United States once they enter the country.

previously granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. In other words, under this regulation, the revocation of an F-1 visa does not provide a basis to terminate F-1 student status under the SEVIS system.  DHS's own policy guidance confirms that "[v]isa revocation is *not*, in itself, a cause for termination of the student's SEVIS record."  ICE Policy Guidance 1004-04 – Visa Revocations (June 7, 2010)  (emphasis added).[5]  Rather, if the visa is revoked, *the student is permitted to pursue his course of study in school*, but upon departure, the SEVIS record is terminated, and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States.  *See* Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016).[6]  If DHS wishes to terminate F-1 student status under the SEVIS system after (or independent of) revocation of a F-1 visa, DHS must comply with 8 C.F.R. § 214.1(d).  *See Jie Fang*, 935 F.3d at 185 n.100.  DHS has not done so here.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (federal defendant),  and 5 U.S.C. § 702 (right of review).

12.     Defendants have waived their sovereign immunity for suits seeking injunctive relief against constitutional and statutory violations.  5 U.S.C. § 702.

13.     Venue is proper in the District of New Hampshire under 28 U.S.C. § 1391 as Plaintiff Xiaotian Liu resides in New Hampshire.

## PARTIES

---

[5] https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf.
[6] https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation.

14. Plaintiff Xiaotian Liu is a native and citizen of the People's Republic of China who currently resides in New Hampshire. He has resided in New Hampshire since September 2023. Since September 2023, he has been a doctoral student at Dartmouth College studying and researching computer science. Xiaotian first came to the United States as an undergraduate student at Wake Forest University. After obtaining a Bachelor of Science and a Master of Science from Wake Forest University, Xiaotian continued his studies for a Ph.D. degree at Dartmouth College.

15. Defendant Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"). She is sued in her official capacity.

16. Defendant Todd Lyons is the Acting Director of the Immigration and Customs Enforcement ("ICE"), a component of DHS. He is sued in his official capacity.

## FACTS

### Background on F-1 Student Visa and Status

17. Under the statute, noncitizens can enroll in government-approved academic institutions as F-1 students. *See* 8 U.S.C. § 1101(a)(15)(F). Students enter the United States on an F-1 visa issued by the U.S. Department of State. Then, once they enter the United States with an F-1 visa, students are granted F-1 student status and permitted to remain in the United States for the duration of status (D/S) as long as the student continues to meet the requirements established by the regulations governing the student's visa classification in 8 C.F.R. § 214.2(f), such as maintaining a full course of study and avoiding unauthorized employment. DHS's Student and Exchange Visitor Program (SEVP) is in charge of administering the F-1 student program and tracking information on students in F-1 student status.

18. An academic institution must obtain formal approval from DHS before it can sponsor a student's F-1 status. An institution must first file an application for School Certification

through the Student and Exchange Visitor Information (SEVIS) system, a SEVP-managed Internet-based system to track and monitor schools and noncitizen students in the United States. *See* 8 C.F.R. § 214.3.

19. "Each school that educates F-1 students has a Designated School Official ('DSO') who monitors, advise, and oversees the students attending his or her institution." *Jie Fang*, 935 F.3d at 175.

20. For noncitizen students, they are "subject to an array of regulations." *Id*. (citing 8 C.F.R. § 213.2(f)). "These include maintaining a full course of study[.]" *Id*. (citing 8 C.F.R. § 214.2(f)(6)). Students may also participate in "two types of practical training programs." *Id*. (citing 8 C.F.R. § 214.2(f)(10)(ii)). "Curricular Practical Training ('CPT') is any 'alternative work/study, internship, cooperative education, or any other type to required internship or practicum that is offered by sponsoring employers through cooperative agreements with the school' that is an 'integral part of an established curriculum.'" *Id*. (quoting 8 C.F.R. § 214.2(f)(1)(i)). CPT usually occurs during the course of study and before its completion.

21. "The other is Optional Practical Training ('OPT') which consists of temporary employment that is 'directly related to the student's major area of study.'" *Id*. (quoting 8 C.F.R. § 214.2(f)(1)(ii)). OPT usually occurs at the end of the completion of the studies.

22. "Once a student has completed his or her course of study and any accompanying practical training, he or she has sixty days to either depart the United States or transfer to another accredited academic institution and seek a transfer of the F-1 visa." *Id*. (citing 8 C.F.R. § 214.2(f)(5)(iv)). "If a student voluntarily withdraws from the F-1 program, he or she has fifteen days to leave the United States." *Id*. "A student who 'fails to maintain a full course of study

without the approval of the DSO or otherwise fails to maintain status' must depart the United States immediately or seek reinstatement." *Id*. (quoting 8 C.F.R. § 214.2(f)(5)(iv)).

23. Under the regulation, DSOs at schools must report through SEVIS to SEVP when a student fails to maintain status. *See* 8 C.F.R. § 214.3(g)(2). SEVIS termination is governed by SEVP policy and regulations.

24. The regulations distinguish between two separate ways a student may fall out of status: (1) a student who "fails to maintain status"; and (2) an agency-initiated "termination of status."

25. For failure to maintain F-1 student status under the SEVIS system, students fail to maintain their status when they do not comply with the regulatory requirement, such as failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. § 214.1(e)-(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitute a failure to maintain status."

26. For the agency-initiated termination of F-1 student status under the SEVIS system, DHS's ability to terminate F-1 student status "is limited by [8 C.F.R.] § 214.1(d)." *Jie Fang*, 935 F.3d at 185 n.100. Under this regulation, DHS can terminate F-1 student status under the SEVIS system only when: (1) a previously granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination.

27. Accordingly, the revocation of an F-1 visa does *not* constitute a failure to maintain F-1 student status and, therefore, cannot serve as a basis for termination of F-1 student status in the SEVIS system. If an F-1 visa is revoked before the student's arrival in the United States, the student may not enter, and his SEVIS record is terminated. However, the SEVIS record may not be terminated as a result of visa revocation after a student has been admitted into the United States because *the student is permitted to continue the authorized course of study*. See ICE Policy Guidance 1004-04 – Visa Revocations (June 7, 2010).[7]

28. DHS's own policy guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record." *Id*. Rather, if the visa is revoked, the student is permitted to pursue his course of study in school, but upon departure, the SEVIS record is terminated, and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States. *See* Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016).[8]

29. While a visa revocation can be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings. *See* 8 U.S.C. § 1227(a)(1)(B); 8 U.S.C. § 1201(i). The Immigration Judge may also even dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status or otherwise reinstates to F-1 student status. *See* 8 C.F.R. § 1003.18(d)(ii)(B). Only when a final removal order is entered would the status be lost.

30. The Immigration Judge has no ability to review the F-1 student status termination in the SEVIS system because the process is collateral to removal proceedings. *See Jie Fang*, 935 F.3d at 183.

---

[7] https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf.
[8] https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation.

31. For students who have failed to maintain F-1 status may seek reinstatement. Under regulations, "a district director in the U.S. Citizenship and Immigration Services ('USCIS') 'may consider' reinstating a student who demonstrates that he or she: 1) 'has not been out of [valid F-1] status for more than 5 months at the time of filing the request for reinstatement' or that 'the failure to file within the 5 month period was the result of exceptional circumstances and that the student filed the request for reinstatement as promptly as possible under these exceptional circumstances;' 2) does 'not have a record of repeated or willful violations of Service regulations'; 3) is pursuing or intends to pursue a full course of study; 4) has not engaged in unauthorized employment; 5) is not deportable on any ground other than 8 U.S.C. § 1227(a)(1)(B) and (C)(i); and 6) can prove that the violation of status resulted from circumstances beyond the student's control, or that the violation relates to a reduction in the student's course load that would have otherwise been permitted if authorized by the school and that failure to approve reinstatement would result in extreme hardship to the student." *Jie Fang*, 935 F.3d at 176 (citing and quoting 8 C.F.R. § 214.2(f)(16)(i)(A)-(F)).

### Termination of Xiaotian Liu's F-1 Student Visa and Status

32. Xiaotian is a 26-year-old doctoral student at Dartmouth College who has been pursuing a study of computer science since September 2023.

33. Xiaotian is a citizen and national of the People's Republic of China.

34. Xiaotian first came to the United States in August 2016 under an F-1 student visa to pursue an undergraduate program at Wake Forest University. He graduated with a Bachelor of Science in Mathematics and Computer Science in May 2020.

35. Starting in September 2020, Xiaotian continued his studies at Wake Forest University to pursue the Masters program in computer science.

36. In May 2021, Xiaotian returned to China to renew his F-1 visa, but the application went into administrative proceedings. Due to the extended visa application process and the ongoing COVID-19 pandemic, he decided to take a gap semester in Fall 2021 with the approval of Wake Forest University.

37. In late September 2021, after successfully receiving his renewed F-1 visa, Xiaotian informed his academic advisor, the Computer Science department chair, and the Computer Science department administrator at Wake Forest University of his intention to return to the United States for the Spring 2022 semester.

38. Although Xiaotian submitted a detailed graduation plan, he was unaware that he also needed to contact the DSO at Wake Forest to request the reinstatement of his F-1 student status in the SEVIS system.

39. On January 2, 2022, Xiaotian arrived at the Detroit Metropolitan Wayne County Airport. However, because his SEVIS record was not reactivated, he returned to China.

40. Due to China's 28-day mandatory quarantine, Xiaotian applied for another gap semester and began researching computer science with other researchers in China. With this research, Xiaotian published a paper titled "Dual Contrastive Prediction for Incomplete Multi-View Representation Learning," which is publicly available online.[9]

41. Xiaotian ultimately returned to Wake Forest University on July 23, 2022, to resume his studies and graduated with a Master of Science in Computer Science in May 2023 with a GPA of 4.0 out of 4.0.

42. In September 2023, Xiaotian began his Ph.D. in Computer Science at Dartmouth College.

---

[9] https://www.computer.org/csdl/journal/tp/2023/04/09852291/1FFH9aFSLkc.

10

43. He returned to China in June 2024 for a routine F-1 visa renewal and came back to the United States in August 2024 to continue his doctoral studies.

44. Most recently, in December 2024, Xiaotian traveled to Vancouver, Canada, to attend an academic conference.

45. On April 4, 2025, Dartmouth College informed Xiaotian that his SEVIS record was terminated. According to the email he received from Dartmouth College, the College "discovered this evening that your F-1 record in SEVIS has been terminated by the Department of Homeland Security." The College explained that the notation that can be seen in Xiaotian's SEVIS record is the following: "OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated."

46. However, Xiaotian has not committed any crime (or even a traffic violation, as he does not drive). He has complied with all rules and regulations as someone with student status. He does not know why his visa was revoked and his SEVIS record (F-1 student status) was terminated.

47. This termination has put Xiaotian's education, research, and career trajectory at risk. In particular, he is no longer authorized to work as a research assistant, which will severely affect his ability to complete his studies and obtain a Ph.D.

48. This termination may also put Xiaotian in immediate detention and deportation—an outcome other students have already faced.[10]

## CLAIMS FOR RELIEF

### COUNT 1
### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Unlawful F-1 Student Status Termination)

---

[10] *See, e.g., Ozturk v. Trump*, No. 25-cv-10695-DJC, 2025 U.S. Dist. LEXIS 64831 (D. Mass. Apr. 4, 2025).

49. The foregoing allegations are realleged and incorporated herein.

50. The United States Constitution requires notice and a meaningful opportunity to be heard. *See Choeum v. I.N.S.*, 129 F.3d 29, 38 (1st Cir. 1997) ("At the core of [a noncitizen's] . . . due process rights is the right to notice and the nature of the charges and a meaningful opportunity to be heard.").

51. Defendants terminated Plaintiff's F-1 student status under the SEVIS system without (i) notifying him about this termination decision, (ii) failing to provide Plaintiff with an individualized hearing before an impartial adjudicator, and (iii) failing to provide Plaintiff with adverse evidence and an opportunity to confront and respond to such evidence.

52. Defendants' disregard for complying with the well-established due process principles violated Plaintiff's due process rights.

## COUNT 2
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT—ARBITRARY AND CAPRICIOUS AGENCY ACTION
### (Unlawful F-1 Student Status Termination)

53. The foregoing allegations are realleged and incorporated herein.

54. Defendants' termination of Plaintiff's F-1 student status under the SEVIS system is a final agency action. *See Jie Fang*, 935 F.3d at 182 ("[t]he order terminating these students' F-1 visas marked the consummation of the agency's decisionmaking process, and is therefore a final order").

55. Defendants' termination violates the Administrative Procedure Act (APA) and should be set aside pursuant to 5 U.S.C. § 706(2)(A) as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, including the regulatory regime at 8 C.F.R. § 214.1(d).

56. Under 8 C.F.R. § 214.1(d), Defendants have no statutory or regulatory authority to terminate Plaintiff's SEVIS record or status based simply on revocation of a visa.

57. Moreover, in making its finding that Plaintiff's student status should be terminated, Defendants did not consider any facts relevant to Plaintiff's individual circumstances nor did it provide any explanation, let alone reasoned explanation, justifying its determination. Defendants' lack of consideration of any relevant facts specific to Plaintiff before making its determination was arbitrary and capricious and in violation of the APA.

## COUNT 3
## VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION
**(Unlawful Detention)**

58. The foregoing allegations are realleged and incorporated herein.

59. The Fifth Amendment requires fair, pre-deprivation process when a person's liberty hangs in the balance.

60. In light of the unlawful termination of Plaintiff's SEVIS record and F-1 student status, Plaintiff is at risk of abrupt detention without prior notice. Plaintiff is a doctoral student who has not committed any crime or even traffic violations. Plaintiff has ensured that he complied with all rules. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (finding immigration detention must further twin goals of (1) ensuring noncitizen's appearance during removal proceedings and (2) preventing danger to the community). There is no credible argument for Plaintiff's immigration detention, preventing him from pursuing his studies.

## PRAYER FOR RELIEF

Plaintiff asks that this Court grant the following relief:

(1). Assume jurisdiction over this matter;

(2). Declare that Defendants' termination of Plaintiff's F-1 student status under the SEVIS system without affording him sufficient notice and opportunity to be heard violated Plaintiff's Fifth Amendment due process rights and the APA (including under 8 C.F.R. § 214.1(d));

(3). Issue an injunction requiring Defendants to provide adequate individualized proceedings before an impartial adjudicator for Plaintiff in which he will be entitled to review any adverse evidence and respond to such evidence prior to determining whether Plaintiff's F-1 student status should be terminated;

(4). To order Defendants to reinstate Plaintiff's valid F-1 student status under the SEVIS system at Dartmouth College or provide Plaintiff with a reasonable period to maintain his valid F-1 status by allowing him to transfer to another DHS-approved school if his reinstatement at Dartmouth College is not accepted;

(5). Enjoin Defendants from detaining Plaintiff pending the instant case;

(6). Award attorney's fees and costs; and

(7). Order any further relief this Court deems just and proper.

Xiaotian Liu,

By and through his Counsel,

*/s/ SangYeob Kim*
Gilles R. Bissonnette (NH Bar: 265393)
Henry Klementowicz (NH Bar: 21177)
SangYeob Kim (NH Bar: 266657)
Chelsea Eddy (NH Bar: 276248)
AMERICAN CIVIL LIBERTIES UNION OF
  NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
Phone: 603.227.6678
gilles@aclu-nh.org
henry@aclu-nh.org

sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Ronald L. Abramson (NH Bar: 83593)
SHAHEEN & GORDON P.A.
180 Bridge Street
Manchester, NH 03104
603.792.8472
rabramson@shaheengordon.com

Date: April 7, 2025