UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **XIAOTIAN LIU**,<br><br>**Plaintiff,**<br><br>v.<br><br>**KRISTI NOEM**, Secretary of the Department of Homeland Security;<br><br>**TODD LYONS**, Acting Director of the Immigration and Customs Enforcement;<br><br>**Defendants.** | No. 1:25-cv-00133-SE-TSM |

**PLAINTIFF'S SECOND ADDENDUM TO
MOTION FOR TEMPORARY RESTRAINING ORDER [ECF. NO. 2]**

Plaintiff hereby files this Second Addendum to his Motion for a Temporary Restraining Order. Though Plaintiff is seeking a temporary restraining order *with notice*, Plaintiff submits this addendum pursuant to the provisions of Fed. R. Civ. P. 65(b). Immediate relief is requested here given that Defendants are not willing to provide assurances that they will not detain Plaintiff.

Upon the expiration of such immediate relief in the form of a temporary restraining order, Plaintiff plans to file a motion for a preliminary injunction seeking to extend such temporary relief for the duration of the case until any final judgment can be issued. If this Court were to grant a motion for a temporary restraining order, such an order would provide time for the parties to more fully and adequately brief Plaintiff's forthcoming motion for preliminary injunction. *See Tirrell v. Edelblut*, 747 F. Supp. 3d 310, 313 (D.N.H. 2024) (in addressing a motion for temporary restraining order that was sought with notice, noting that "[a] temporary restraining order 'is a

1

provisional remedy imposed to maintain the status quo until a full review of the facts and legal arguments is available.'") (quoting *Ginzburg v. Martínez-Dávila*, 368 F. Supp. 3d 343, 347 (D.P.R. 2019)); *see also id.* ("In evaluating a motion for a TRO, the court considers the same four factors that apply to a motion for a preliminary injunction.").

Pursuant to Fed. R. Civ. P. 65(b)(1)(A)—which requires "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"—such facts set forth by affidavit are as follows in light of Defendants' unilateral termination of Plaintiff's F-1 student status, though Plaintiff here is not seeking temporary relief without an opportunity for Defendants to be heard in opposition:

- Xiaotian is scared about his safety and future due to the termination of his F-1 student visa status. The uncertainty of his legal standing in the United States has caused immense stress, as he has worked diligently for years to pursue his academic and professional goals. *See* Liu Decl. ¶ 19 (ECF No. 2-4).

- Losing his F-1 status puts his education, research, and career trajectory at risk, and he fears being forced to leave the country before he can complete his Ph.D. program. This sudden disruption has made him feel vulnerable and anxious, not only about his immediate situation but also about the stability and direction of his life in the years to come. His entire academic and professional identity is rooted in the path he has built here in the United States, and the possibility of losing that feels overwhelming and deeply unsettling. *See* Liu Decl. ¶ 20 (ECF No. 2-4).

- As a direct consequence of the termination of his SEVIS record, he fears immigration detention and deportation as he may not have valid student status. He further fears that he would be detained in other parts of the country, such as Louisiana after being abruptly detained. *See* Liu Decl. ¶ 21 (ECF No. 2-4).

- Moreover, while he currently can enroll in non-research classes (thus, he can maintain a full course of study)—*see* Supplemental Declaration of SangYeob Kim ¶ 9 (Ex. M) authenticating Ex. K—he is no longer authorized to work as a research assistant or participate in any research, nor is he eligible to receive any stipend from his Ph.D. program. This has placed him in an extremely difficult financial and academic position, as his research assistantship is not only his only source of income but also a core component of his doctoral training. *See* Liu Decl. ¶ 22 (ECF No. 2-4).

- As a second-year Ph.D. student, he is expected to prepare for the annual progress evaluation conducted by the tenure-track Computer Science faculty, during which they assess each student's development based on research, teaching assistant work, and coursework. Without research authorization and funding, he is unable to contribute meaningfully to ongoing projects with his advisor, prepare for the Research Presentation Exam (RPE), or fulfill the level of research engagement required by the program. *See* Liu Decl. ¶ 23 (ECF No. 2-4).

- Due to his current inability to engage in research, the most important component of a Ph.D. student's record, he may not be able to demonstrate the level of progress typically expected at this stage. This could result in an unsatisfactory evaluation, slowing his progress toward the degree and delaying key milestones such as his RPE. This disruption has caused irreparable harm to both his academic trajectory and personal well-being, undermining years of effort and jeopardizing the continuation of his education. *See* Liu Decl. ¶ 24 (ECF No. 2-4).

Pursuant to Fed. R. Civ. P. 65(b)(1)(B)—which requires "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required"—such facts set forth by affidavit are in the attached Supplemental Declaration of SangYeob Kim (Ex. M), though notice has been provided in this case.  Because of the potential immigration detention and deportation in light of the F-1 student status termination, on April 7, 2025, Plaintiff's counsel attempted to receive assurance from Defendants' counsel that Defendants would not arrest, detain, or place him in removal proceedings during the pendency of temporary restraining order and preliminary injunction.  *See* Ex. M, Kim Decl. ¶ 6.  Plaintiff's counsel could not receive such assurances from Defendants' counsel.  *Id.* ¶ 7.

In light of this development, on April 8, 2025, Plaintiff's counsel notified Defendants' counsel that Plaintiff would pursue his Motion for Temporary Restraining Order immediately.  *Id.* ¶ 8.  Plaintiff's counsel has not yet been able to effectuate the service of the Summons and Complaint in this matter.  *Id.*  However, Plaintiff's counsel shared the electronically filed

Complaint and Motion for Temporary Restraining Order and attachments with Defendants' counsel on April 7, 2025. *Id.*

Xiaotian Liu,

By and through his Counsel,

*/s/ SangYeob Kim*
Gilles R. Bissonnette (NH Bar: 265393)
Henry Klementowicz (NH Bar: 21177)
SangYeob Kim (NH Bar: 266657)
Chelsea Eddy (NH Bar: 276248)
AMERICAN CIVIL LIBERTIES UNION OF
   NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
Phone: 603.227.6678
gilles@aclu-nh.org
henry@aclu-nh.org
sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Ronald L. Abramson (NH Bar: 83593)
SHAHEEN & GORDON P.A.
180 Bridge Street
Manchester, NH 03104
603.792.8472
rabramson@shaheengordon.com

Date: April 9, 2025

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2025, a true and exact copy of the foregoing was served via email upon Defendants' counsel as follows:

Rob Rabuck, Assistant United States Attorney

Rob.Rabuck@usdoj.gov

Dated: April 9, 2025                             Respectfully submitted,

                                                 */s/ SangYeob Kim*
                                                 SangYeob Kim (NH Bar: 266657)