**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**XIAOTIAN LIU**,

      **Plaintiff,**

  **v.**

**KRISTI NOEM**, Secretary of the Department
of Homeland Security;

**TODD LYONS**, Acting Director of the
Immigration and Customs Enforcement;

      **Defendants.**

**No.** 1:25-cv-00133-SE-TSM

**PLAINTIFF'S REPLY IN SUPPORT OF IN SUPPORT OF HIS
MOTION FOR PRELIMINARY INJUNCTION**

## INTRODUCTION

Congress has authorized international students to study and participate in related programs in the United States.  *See* 8 U.S.C. § 1101(a)(15)(F)(i).  Plaintiff Xiaotian Liu is a perfect model of such an international student.  He has complied with all the rules, and this is not in dispute.

Nevertheless, on or about April 4, 2025, Defendants decided to terminate Mr. Liu's F-1 student status in the SEVIS[1] system simply because Mr. Liu was not allowed to enter the United States on January 2, 2022 at the Detroit Metropolitan Wayne County Airport due to the inactivation of his SEVIS record despite having a valid F-1 visa.  Even then, Defendants do not contest the explanations for the denial of his entry.  At the Customs and Border Protection (CBP) secondary inspection, Mr. Liu "provided email correspondence with faculty [at the Wake Forest University] and was eventually able to connect the [CBP] officer with the department chair.  The [CBP] officer confirmed [Mr. Liu's] student status but was unable to approve [his] entry without an active SEVIS record."  Docket Number (DN) 10-4 (Aff. of Mr. Liu) at 2 ¶10.  "The DSO [Designated School Official] at Wake Forest proposed granting temporary entry while reactivation paperwork was processed[.]"  *Id*. at 2 ¶11.  While Mr. Liu was not permitted to enter, he was later able to return to the United States without any issue after the reactivation of his SEVIS record.  *Id*. at 2-3 ¶13.  This is undisputed.  Defendants do not claim—because they cannot—that CBP's finding of inadmissibility at the airport is a basis for terminating Plaintiff's F-1 student status under either (i) 8 C.F.R. § 214.2(f)(5), 8 C.F.R. § 214.1(e)-(g)) or (ii) 8 C.F.R. § 214.1(d).  This finding of

---

[1] SEVIS is "the web-based system that [DHS] uses to maintain information regarding:" F-1 "students studying in the United States[.]"  https://studyinthestates.dhs.gov/site/about-sevis.

inadmissibility does not even provide a basis for termination of F-1 student status under the Department of Homeland Security's (DHS) own SEVIS guidelines published online.[2]

Perhaps recognizing that there was no legal basis to terminate Plaintiff's F-1 legal status under the applicable regulations, Defendants pivot away from whether Plaintiff's student status was terminated and, instead, argue that the "SEVIS record is not the same thing as [Plaintiff's] F-1 student status," and that "SEVP 'has never claimed' that it terminated Mr. Liu's nonimmigrant status."  *See* Gov't Opp. at 9; Watson Decl. ¶ 11.  As explained in more detail below, there are multiple problems with this argument, including the fact that Defendants remain unclear as to what Plaintiffs' current status is in the face of actual evidence that his student status *was*, in fact, terminated.  Furthermore, to be clear, Plaintiff's lawsuit is <u>*not*</u> challenging the termination of the SEVIS record itself, but rather challenging the termination of Plaintiff's student status, which was then reflected in the termination of the SEVIS record.  In fact, this is consistent with Defendants' explanation that <u>*SEVP*</u> (the U.S. Student and Exchange Visitor Program) administrator could not and did not terminate his F-1 student status when SEVP terminated Mr. Liu's SEVIS record.  DN 15-1 at ¶11 ("The statute and regulations do not provide SEVP the authority to terminate nonimmigrant status by terminating a SEVIS record, and SEVP has never claimed that it had terminated LIU's nonimmigrant status.").

---

[2]  https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons (accessed on April 18, 2025).  Plaintiff notes that Defendants updated their website on SEVIS on April 9, 2025, the day of this Court's hearing on Mr. Liu's temporary restraining order.  The previous version (dated Dec. 3, 2024) did not have the category of "Other" as a SEVP-Only termination reason, and the reasons currently used to terminate his SEVIS record would not fit any of the criteria on that website before the April 9, 2025 update.  *See* <u>Ex. O</u>.  In contrast, the April 9, 2025 updated version included this "Other" category.  Defendants terminated Mr. Liu's SEVIS record on April 4, 2025.  Thus, at the time of Mr. Liu's SEVIS record termination on that date, Defendants and Dartmouth College relied on the December 3, 2024 version for the termination, but that version no justification for the SEVP-Only termination.

This Court should grant Mr. Liu's Motion for Preliminary Injunction. Defendants' own guidelines on the SEVIS system and Plaintiff's evidence compel the conclusion that Defendants in fact terminated Mr. Liu's F-1 student status and thus constitute a final agency action. Nor do Defendants successfully rebut the imminent and irreparable harm Mr. Liu would face without this Court's intervention, other than suggesting that Mr. Liu can return to his country or another country to complete his Ph.D. program—an insensitive suggestion that only highlights the harm Defendants have inflicted on Plaintiff and even suggests that his status may have been terminated. Defendants do not advance any factual arguments on how they would suffer from the unilateral and unlawful termination of Mr. Liu's F-1 student status in the SEVIS record. The only party that would suffer is Mr. Liu, who will lose his ability to advance his studies because of his inability to research. *See* DN 13 at 4 ("This loss of timely academic progress alone is sufficient to establish irreparable harm.").

## ARGUMENT

1. **PLAINTIFF ESTABLISHES THE SUBSTANTIAL LIKELIHOOD OF SUCCESS**

   a. **This Court Has Jurisdiction Over Plaintiff's APA Claim**

   This Court has jurisdiction over Plaintiff's claims. Defendants argue that "there is no case or controversy before the Court regarding Mr. Liu's F-1" student status. Govt's Opp. at 9. For this conclusion, Defendants explain that the administrator of SEVP "'has never claimed' that it terminated Mr. Liu's" F-1 student status. *Id.* However, the question before this Court is not whether the administrator of *SEVP* terminated Mr. Liu's F-1 student status. Instead, the pertinent question is whether *Defendants* terminated his *student status* when they terminated his SEVIS record.

   At the outset, Defendants remain cryptic with respect to what Plaintiff's current status actually is—with his educational future in the United States hanging in the balance. While

Defendants assert through Assistant Director Andre Watson that "SEVP has never claimed that it had terminated LIU's status" (*see* Watson Decl. ¶ 11)—and state in a heading on Page 9 of Defendants' Opposition that "SEVP did not terminate Mr. Liu's Nonimmigrant Status"—there is no affirmative statement in a declaration from Defendants that Plaintiff's retains his student status. And, certainly, there is no evidence that Defendants have ever informed Dartmouth College that Plaintiff retains his student status. In fact, as explained below, the evidence is to the contrary and shows that his status was terminated. The answer to whether Plaintiff retains his status is vital to Plaintiff's future. If Plaintiff retains his student status, then Defendants should have no objection to presenting that confirmation in the form of a declaration and entering into an agreement that memorializes the terms of the temporary restraining order—at which time Defendants must notify Dartmouth College of the retention of student status through the SEVIS system so Plaintiff can retain all of the educational opportunities to which he is entitled. But if Plaintiff has lost his student status, then the applicable regulations have been flouted and immediate relief is needed from this Court.

While Defendants do not provide a simple answer to this question with evidence, all evidence leads to the conclusion that Plaintiff's F-1 student status *was*, in fact, terminated when his SEVIS record was terminated. Plaintiff has presented evidence that, on April 4, 2025, Defendants changed his SEVIS record to say, in part, "OTHERWISE *FAILING TO MAINTAIN STATUS*." Ex. B (emphasis added).[3] Indeed, this SEVIS termination reason is triggered when "[t]he student has not maintained status" and "[n]one of the other terminations reasons applies." Ex O at 10. The Declaration of Andre Watson omits this clear and unequivocal language in Paragraph 8 of his declaration. Here, the pertinent question before this Court is whether

---

[3] This language in Plaintiff's SEVIS record was changed and omitted on or about April 8, 2025, after this litigation was initiated on April 7, 2025. *See* Ex. L.

4

Defendants terminated Mr. Liu's F-1 student status at the time of the April 4, 2025 SEVIS termination. The answer is yes because the failure to maintain status renders Mr. Liu out of F-1 student status. *See* 8 C.F.R. § 214.1(e)-(g).

While Defendants updated the SEVIS termination reason on April 9, 2025 by deleting "FAILING TO MAINTAIN STATUS" from the SEVIS record (DN 10-15), that clerical update does not control the final agency action question, particularly when Defendants refuse to confirm with evidence whether Mr. Liu's maintained his student status on and after April 4, 2025. And Defendants do not dispute that Mr. Liu's SEVIS record was terminated *on April 4, 2025* because of his failure to maintain status, which was based on a "fail[ure] to maintain" status. DN 15-1 at ¶8 ("Based on LIU's encounter with CBP, on April 4, 2025, SEVP set LIU's SEVIS record to 'terminated.'"); *cf.* DN 10-4 at 3 ¶17. Indeed, it is well-established that this Court does not allow *post hoc* rationalization after the original reasons. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 21 (2020). Against this backdrop, Defendants terminated Mr. Liu's F-1 student status when Defendants terminated his SEVIS record on the basis of his failure to maintain status. Again, under the regulation, an international student's failure to maintain status renders the student out of F-1 student status. *See, e.g.,* 8 C.F.R. § 214.1(e)-(g); Ex O at 10.

Defendants' own website supports the conclusion that Mr. Liu's SEVIS termination was in fact his F-1 student status termination. According to DHS's website on the termination of SEVIS, "[w]hen an F-1/M-1 SEVIS record is terminated[,]" international students "lose[] all on-and/or off-campus employment authorization[,]" "cannot re-enter the United States on the terminated SEVIS record[,]" ICE "agents may investigate to confirm the departure of the student[,]" and "[a]ny associated [dependent] F-2 or M-2 dependent records are terminated." Homeland Security,

"TERMINATE A STUDENT," *the Department of Homeland Security* (Nov. 7, 2024)[4].  *See also* Homeland Security, "TERMINATE OR REACTIVATE A DEPENDENT RECORD," *the Department of Homeland Security* (Mar. 17, 2023)[5] ("When a dependent is terminated in SEVIS, it means that dependent is no longer eligible for F-2 or M-2 status.").

Against this backdrop, is the practical reality that, if terminating a SEVIS record has little impact on student status—as Defendants' suggest—then what would be the point of terminating the SEVIS record?  Of course, the termination of the SEVIS record must mean something, and Defendants intend there to be some consequence.  Dartmouth College too understands that the termination of a SEVIS record amounts to the termination of student status.  Here, in response, to this April 4, 2025 SEVIS entry, Dartmouth College told Plaintiff on April 7, 2025 that he "cannot currently perform work for Dartmouth [including Teaching Assistant a course and enrolling in research credit courses], and that doing work might have legal implications that could complicate [his] case."  Ex. K.  And, after receiving the SEVIS termination notice from Dartmouth College, Mr. Liu requested that the school "help [him] reinstate [his] SEVIS status or request a SEVIS correction to maintain [his] legal status to stay in the [United] States[.]"  Ex. P (Follow-up Email from Dartmouth College).  As a response to this email, the school explained that "schools have tried to request SEVIS data fixed (corrections) on these record terminations and SEVP [wa]s not entertaining those requests."  *Id*.  Indeed, this data correction should have been permissible pursuant to Defendants' own guidelines on the SEVIS system.  Homeland Security, "CORRECT STUDENT SEVIS STATUS," *the Department of Homeland Security* (Feb. 15, 2024)[6]

---

[4] https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/terminate-a-student.
[5]    https://studyinthestates.dhs.gov/sevis-help-hub/student-records/dependents/terminate-or-reactivate-a-dependent-record.
[6]    https://studyinthestates.dhs.gov/sevis-help-hub/student-records/corrections-and-correction-requests/correction-requests/correct-1.

("Occasionally, the status of a student record needs to be changed, for example . . . [i]ncorrect termination of a student who is pursuing a full course of study (Terminated to Active)").  However, SEVP did not approve the request presumably because Defendants determined that Mr. Liu failed to maintain his student status.

Indeed, contrary to Defendants' argument that Mr. Liu "fails to provide any evidence that legal consequences flow from the change in his SEVIS record[,]" the legal consequences were immediate on Mr. Liu.  Govt's Opp. at 18.  Mr. Liu was "no longer authorized to work as a research assistant or participate in any research, and he [wa]s no longer eligible to receive any stipend from his Ph.D. program at Dartmouth College."  DN 13 at 3; DN 10-4 at 4 ¶22.

In sum, this Court should find that Defendants' termination of Mr. Liu's SEVIS record was in fact a termination of his F-1 student status and thus constitutes a final agency action under 5 U.S.C. § 704.  Defendants' basis for terminating Mr. Liu's SEVIS record was due to his failure to maintain status, as Defendants admitted on or about April 4, 2025.  *Bennet v. Spear*, 520 U.S. 154, 178 (1997) ("must mark the 'consummation' of the agency's decisionmaking process").  Further, the termination of Mr. Liu's F-1 student status produced "legal consequences[.]"  *Bennet*, 520 U.S. at 178.  This termination was "a final order for jurisdictional purposes[.]"  *Jie Fang v. Dir. United States Immigration & Customs Enforcement*, 935 F.3d 172, 185 (3d Cir. 2019); *Zhou v. Lyons*, 2:25-cv-2994-CV (SKx) (C.D. Cal), EN 19 (TRO; rejecting Defendants' argument that the F-1 student status termination in SEVIS was not final).  *See also Hinge v. Lyons*, 1:25-cv-1097-RBW

7

(D.D.C.), DN 10 at 10 (finding that the plaintiff established a likelihood of success in part despite the government's argument on the lack of a final agency action).

### b.     The Privacy Act Does Not Bar Review of Defendants' Actions

The Privacy Act does not bar review of Defendants' actions.   Contrary to Defendants' contention, Mr. Liu has raised no claim under the Privacy Act, and it simply does not apply.  Govt's Opp. at 11-15.   Mr. Liu is not seeking to access or challenge the correctness of Defendants' recordkeeping.  This is not a case about data corrections.  Instead, Mr. Liu's claim is about his F-1 student status.  Accordingly, the Privacy Act does not apply in this case.[7]

### c.     Mr. Liu Has Established A Strong Likelihood of Success on the Merits of His County 2 (APA)

Mr. Liu has established a strong likelihood of success on the merits of his count 2 (APA). Other than the APA's final agency action argument, Defendants do not suggest that Defendants had the statutory or regulatory authority to terminate Mr. Liu's F-1 status other than 8 C.F.R. §§ 214.1(d), 213.2(f), 214.1(e)-(g).  *See* Govt's Opp. at 17.  To the extent that Defendants rely on the authority of a visa revocation for their authority on the F-1 student status termination, Defendants do not cite any authority for such authority.  *See Jie Fang*, 935 F.3d at 185 n.100 ("And it is easy to see why the students desire review—DHS appears to have terminated their F-1 [student status] without the statutory authority to do so.").  The Court should find that Mr. Liu has established a strong likelihood of success on count 2.  DN 13 at 3 ("Based on the record before the court, Liu is likely to show that DHS's termination of his F-1 student status was not in compliance with 8 C.F.R.

---

[7] Defendants also raise an irrelevant argument that Mr. Liu "has no likelihood of success on the merits of Count III of his complaint."  Govt's Opp. at 19-22.  However, Mr. Liu has not included Count III for his Motion for Preliminary Injunction.  *See* DN 10-1 at 1 ("Pursuant to Counts 1 and 2 of Plaintiff's Complaint for Declaratory and Injunctive Relief").

§ 214.1(d) and was arbitrary, capricious, an abuse of direction, or otherwise not in accordance with the law.") (citing 5 U.S.C. § 706(2)(A)).

### d. Mr. Liu Has Established A Strong Likelihood of Success on the Merits of His Count 1 (Due Process)

Mr. Liu has established a strong likelihood of success on the merits of his count 1 (due process). Again, Defendants misconstrue Mr. Liu's argument. Contrary to Defendants' view, Mr. Liu has not raised a claim that "SEVP's change to his SEVIS record violated due process[.]" Govt's Opp. at 18. Instead, Mr. Liu's claim is that Defendants' termination of his F-1 student status by terminating his SEVIS record without notice, adequate explanations, or meaningful opportunity to respond violates the Due Process Clause. *See* DN 10-1 at 7-8. In terminating Mr. Liu's F-1 student status, "the ability to terminate [his student status] [wa]s limited by [8 C.F.R.] § 214.1(d)." *Jie Fang*, 935 F.3d at 185 n.100. "An agency has the duty to follow its own federal regulations, even when those regulations provide greater protection than is constitutionally required." *Nelson v. INS*, 232 F.3d 258, 262 (1st Cir. 2000). Yet, Defendants fail to provide any meaningful explanation as to why Mr. Liu's F-1 student status was terminated pursuant to 8 C.F.R. § 214.1(d). The Court should reject Defendants' argument that Mr. Liu has no due process rights to the termination of his F-1 student status.

### 2. MR. LIU WILL SUFFER IRREPARABLE HARM ABSENT THE COURT'S INTERVENTION

Mr. Liu will suffer irreparable harm absent this Court's intervention. As this Court already explained, the "loss of timely academic progress alone is sufficient to establish irreparable harm." DN 13 at 4; *Isserdasani v. Noem*, No. 25-cv-283-wmc, 2025 U.S. Dist. LEXIS 72340, at *14 (W.D. Wis. Apr. 15, 2025) (same) (quoting DN 13 at 4); *Ziliang J. v. Noem*, No. 25-CV-1391 (PJS/DLM), 2025 U.S. Dist. LEXIS 73016, at *4 (D. Minn. Apr. 17, 2025) ("More broadly, plaintiff faces the

loss of the many years and many thousands of dollars he has invested in pursuing his degree."). Defendants' response to this loss is that Mr. Liu can return to his country or another country to complete his Ph.D. program. This argument is contrary to what Congress intended. Congress intended for international students "to pursue educational opportunities in the United States without interference." DN 13 at 4-5; *Isserdasani*, 2025 U.S. Dist. LEXIS 72340, at \*2 ("Congress has authorized non-immigrant F-1 visas for international students who enroll in approved academic institutions."). This Court should reject Defendants' argument.

3.     **THE BALANCE OF HARDSHIPS AND PUBLIC INTEREST WEIGHT HEAVILY IN MR. LIU'S FAVOR**

The balance of hardships and public interest weight heavily in Mr. Liu's favor. Defendants claim that "[a]ny order that enjoins a governmental entity from enforcing actions taken pursuant to statutes enacted by the duly elected representatives of the people constitutes an irreparable injury that weighs heavily against the entry of injunctive relief." Govt's Opp. at 24. However, absent Mr. Liu's failure to comply with the governing rules as an international student (and Defendants dispute none), Defendants should not arbitrarily or unlawfully terminate his F-1 student status by terminating his SEVIS record in a manner that is inconsistent with their own regulation. "[T]he marginal harm, if any, to [D]efendants does not begin to equate with the likely harm to plaintiff." *Isserdasani*, 2025 U.S. Dist. LEXIS 72340, at \*15; *Roe v. Noem*, No. CV 25-40-BU-DLC, 2025 U.S. Dist. LEXIS 71681, at \*9 (D. Mont. Apr. 15, 2025) (similar). This Court should find that "these two factors weigh in [Mr.] Liu's favor." DN 13 at 5.[8]

---

[8] The Court should waive Mr. Liu to post a bond. This Court has discretion "to waive the bond requirement embedded in Rule 65(c) of the Federal Rules of Civil Procedure." DN 13 (citing *Crowley v. Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen, & Packers*, 679 F.2d 978, 1001 (1st Cir. 1982), *rev'd on other grounds*, 467 U.S. 526 (1984)). While Defendants aver that "[t]he risk of harm here is not insubstantial" for Defendants, Defendants do not advance any factual argument about how Defendants would be harmed if this Court grants a preliminary injunction. "[I]t is unlikely any harm will come to Defendants as a result of this temporary restraining order." *Roe*, 2025 U.S. Dist. LEXIS 71681, at \*9.

Xiaotian Liu,

By and through his Counsel,

*/s/ SangYeob Kim*
Gilles R. Bissonnette (NH Bar: 265393)
Henry Klementowicz (NH Bar: 21177)
SangYeob Kim (NH Bar: 266657)
Chelsea Eddy (NH Bar: 276248)
AMERICAN CIVIL LIBERTIES UNION OF
   NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
Phone: 603.227.6678
gilles@aclu-nh.org
henry@aclu-nh.org
sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Ronald L. Abramson (N.H. Bar: 83593)
SHAHEEN & GORDON P.A.
180 Bridge Street
Manchester, NH 03104
603.792.8472
rabramson@shaheengordon.com

Date: April 18, 2025