UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **XIAOTIAN LIU**, <br><br>   **Plaintiff**, <br><br> v. <br><br> **KRISTI NOEM**, Secretary of the Department of Homeland Security; <br><br> **TODD LYONS**, Acting Director of the Immigration and Customs Enforcement; <br><br>   **Defendants.** | No. 1:25-cv-00133-SE-TSM |

### PLAINTIFF'S ADDENDUM SUBMITTING EXHIBIT Q
### IN SUPPORT OF HIS MOTION FOR PRELIMINARY INJUNCTION

Plaintiff respectfully files this Addendum Submitting Exhibit Q in support of Plaintiff's Motion for Preliminary Injunction. There is a good cause to file this Addendum and Exhibit Q.

On April 19, 2025, one day after the filing of Plaintiff's Reply in support of his Motion for Preliminary Injunction, Plaintiff's counsel obtained a redacted copy of a document submitted by United States Citizenship and Immigration Services (USCIS) for another F-1 international student under the Optional Practical Training (OPT). This evidence shows that USCIS—which is an agency within the Department of Homeland Security—construes the termination of a SEVIS record as the termination of "valid F-1 nonimmigrant status." This evidence is critical for the determination of whether Plaintiff Xiaotian Liu's F-1 student status was terminated on April 4, 2025, when Defendants terminated his SEVIS record.

In this document at Ex. Q, Defendant DHS terminated this F-1 student's SEVIS record on April 10, 2025 based on criminal record checks and visa revocation. At that time, the F-1 student's employer's Form I-129—which was filed to seek to change the student's status from F-1 to H-1B

1

(a temporary worker)—was pending before USCIS.  In light of Defendants' termination of the F-1 student's SEVIS record on April 10, 2025—which was based on "the criminal records check and the revocation of their F-1 visa"—USCIS construed the SEVIS termination as the termination of the student's "F-1 nonimmigrant status[.]" Ex. Q at 2.

This new exhibit contradicts Defendants' incorrect position in the instant case and further confirms that the termination of a SEVIS record amounts to termination of student status.  *Cf.* DN 15-1 at ¶11 ("Terminating a record in SEVIS does not terminate an individual's nonimmigrant status in the United States.").  In the face of this confirmation, Defendants' declarant has failed to explain to this Court (and to students more broadly) what the actual intended effect of the termination of a SEVIS record is on students if those terminations are not intended to change F-1 student status.  Sowing further confusion, nor have Defendants corrected colleges and universities (including Dartmouth College) who reasonably (and correctly) construe such SEVIS record terminations as terminations of student status consistent with Defendants' own website.  *See* DN 16 at p. 5-6 (Pl.'s Preliminary Injunction Reply addressing DHS website).  Further, Defendant's declarant has not acknowledged why Plaintiff's SEVIS record was altered to remove the language "OTHERWISE FAILING TO MAINTAIN STATUS" on or about April 8, 2025.  *See* DN 10-15 (Pl.'s Ex. L. highlighting change in language in SEVIS record); DN 15-1 at ¶ 8 (Watson Decl.) (not mentioning this April 8, 2025 change in SEVIS record language).  Notwithstanding these omissions in Defendants' declaration, this new evidence at Ex. Q categorically refutes Defendant's contention that "[t]erminating a record in SEVIS does not terminate an individual's nonimmigrant status in the United States." DN 15-1 at ¶ 11 (Watson Decl.).

Xiaotian Liu,

By and through his Counsel,

*/s/ SangYeob Kim*
Gilles R. Bissonnette (NH Bar: 265393)
Henry Klementowicz (NH Bar: 21177)
SangYeob Kim (NH Bar: 266657)
Chelsea Eddy (NH Bar: 276248)
AMERICAN CIVIL LIBERTIES UNION OF
   NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
Phone: 603.227.6678
gilles@aclu-nh.org
henry@aclu-nh.org
sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Ronald L. Abramson (NH Bar: 83593)
SHAHEEN & GORDON P.A.
180 Bridge Street
Manchester, NH 03104
603.792.8472
rabramson@shaheengordon.com

Date: April 21, 2025