UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| XIAOTIAN LIU,<br><br>**Plaintiff,**<br><br>v.<br><br>**KRISTI NOEM**, Secretary of the Department of Homeland Security;<br><br>**TODD LYONS**, Acting Director of the Immigration and Customs Enforcement;<br><br>**Defendants.** | No. 1:25-cv-00133-SE-TSM |

**PLAINTIFF'S THIRD ADDENDUM IN SUPPORT OF**
**HIS MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Xiaotian Liu respectfully files this Addendum in support of his Motion for Preliminary Injunction. As this Addendum explains, resolution of the Motion for Preliminary Injunction continues to be necessary, as the prospect of irreparable harm remains for Mr. Liu absent the issuance of a preliminary injunction.

This Court held a status conference on Friday, April 25, 2025 at 2:15 p.m. after news outlets earlier that day began indicating a potential change in administration policy concerning SEVIS records.[1] This Court understandably inquired during this status conference whether, in light of these developments, resolution of Plaintiff's Motion for Preliminary Injunction continues to be necessary. During this status conference, Plaintiff's counsel made this Court aware of a document filed earlier in the day in a similar case in Massachusetts—*Zheng v. Lyons*, No. 1:25-cv-10893-FDS (D. Mass.) (DN 21)—in which Defendants indicated the following:

---

[1] *See, e.g.,* Kyle Cheney and Josh Gernstein, "Trump Administration Reverses Abrupt Terminations of Foreign Students' US Visa Registrations," *Politico* (Apr. 25, 2025), https://www.politico.com/news/2025/04/25/trump-admin-reverses-termination-foreign-student-visa-registrations-00309407.

1

> *ICE is developing a policy that will provide a framework for SEVIS record terminations. Until such a policy is issued, the SEVIS records for plaintiff(s) in this case (and other similarly situated plaintiffs) will remain Active or shall be re-activated if not currently active and ICE will not modify the record solely based on the NCIC finding that resulted in the recent SEVIS record termination. ICE maintains the authority to terminate a SEVIS record for other reasons, such as if the plaintiff fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act.*

This filing is attached as an exhibit to this Addendum. *See Ex. 1*. During the status conference, Defendants' counsel made a similar representation to this Court but could not yet definitively confirm that this representation applies specifically to Plaintiff Mr. Liu in this case. At the end of the status conference, the Court elected to enter an order extending the temporary restraining order to today (Tuesday, April 29, 2025), and the parties agreed to confer on whether certain assurances can be made by Defendants that would allow Plaintiff to withdraw his Motion for Preliminary Injunction.

These assurances have not occurred as of this filing, and Plaintiff informs the Court that preliminary relief continues to be necessary. After the April 25, 2025 status conference, Plaintiff's counsel wrote to Defendants' counsel at 5:03 p.m. on the same day, stating the following in part[2]:

> In light of this afternoon's status conference in the Liu matter – and after conferring with my colleagues -- we wanted to memorialize in writing what we would need in any agreement to eliminate the need for the Court to immediately rule on Mr. Liu's motion for preliminary injunction. As we discussed, such an agreement would require two things:
>
> 1.   A writing filed in Mr. Liu's case along the lines of the attached filed in Massachusetts making clear that it applies to the plaintiff in this case, here Mr. Liu; and
>
> 2.   A writing in the form of a sworn affidavit from a DHS official filed in Mr. Liu's case that simply states that Mr. Liu currently maintains active student status. As explained at the status conference, this is critical given that the Government's position is that the SEVIS record is distinct from the maintenance of student status, and given that the Government initially indicated for Mr. Liu and others through the SEVIS record "OTHERWISE FAILING TO MAINTAIN STATUS." Given this distinction in the Government's position and the Government's language in the SEVIS record, we cannot have a situation where Mr. Liu's SEVIS record is activated, but where he is later believed

---

[2] The quotation below omits language seeking agreement and assurances with respect to the class action matter *Pasula et al v. US Department of Homeland Security et al.*, No. 1:25-cv-00156-SE-TSM.

2

– whether it be by the Government or the College – that he engaged in studies or research while not in status.

As of 11:28 a.m. today on April 29, 2025, Defendants have not provided information responsive to these specific requests concerning Mr. Liu.[3] As Plaintiff does not even know whether the SEVIS reactivation applies to Plaintiff, preliminary relief is still required here.

But even if the Defendants did concede that Plaintiff's SEVIS record is reactivated absent the need for a further order from this Court (and this is not yet the case), preliminary relief would still be needed where Defendants have *not* definitively stated that Plaintiff maintains his F-1 student status based on the information currently available to Defendants. As Plaintiff informed this Court at the April 25, 2025 status conference (and Defendants later by email), relief from this Court is critical absent Defendants' acknowledgment that Plaintiff currently maintains his student status. This is because (i) Defendants' position in this case is that the SEVIS record is distinct from the maintenance of student status, and (ii) Defendants initially indicated for Mr. Liu and others through the SEVIS record "OTHERWISE FAILING TO MAINTAIN STATUS." Given this distinction in Defendants' position and Defendants' own language in the SEVIS record, Mr. Liu is profoundly concerned that—while his SEVIS record may be reactivated—the United States Government or the College could assert that he has engaged in studies or research while not in status (including during the time frame after his status was terminated in early April), which could result in serious immigration consequences.

Defendants issued a new policy entitled "SEVIS Notice -- Policy Regarding Termination of Records" on Saturday, April 26, 2025. This document is attached as *Ex. 2*. This new policy does nothing to eliminate the irreparable harm Plaintiff faces absent a declaration from Defendants

---

[3] On April 28, 2025, Defendants separately sought certain information concerning the five named plaintiffs in the class action matter *Pasula et al v. US Department of Homeland Security et al.*, No. 1:25-cv-00156-SE-TSM.

3

stating that Plaintiff currently maintains his student status based on the information currently available to Defendants. This new policy does nothing to affirmatively confirm that students who had their SEVIS records terminated still maintain student status. To the contrary, the new policy vaguely states: "A terminated record in SEVIS could indicate that the nonimmigrant no longer maintains F or M status. Designated school officials (DSOs) mostly terminate F-1/M-1 students and/or F-2/M-2 dependents who do not maintain their status. However, termination does not always result in an adverse impact on the student. DSOs and SEVP can terminate records for several normal, administrative reasons." If there was any doubt that this new policy does not eliminate the need for preliminary relief, it goes on to state that it "is not a substitute for applicable legal requirements, nor is it itself a rule or a final action by SEVP. It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter."

Lastly, Defendants' voluntary reactivation of Plaintiff's SEVIS record—to the extent this even applies to him (and we do not know)—would not relieve his irreparable harm absent a declaration from Defendants stating that Plaintiff currently maintains his student status based on the information currently available to Defendants. On this point, *A.O. v. Cuccinelli*, 457 F. Supp. 3d 777 (N.D. Cal. 2020) is instructive.

In *A.O.*, a class of plaintiffs brought claims against the United States Citizenship and Immigration Services ("USCIS") challenging a new immigration policy (the "reunification authority requirement") that resulted in the denials of Special Immigrant Juvenile ("SIJ") petitions. *Id.* at 783. Plaintiffs sought a preliminary injunction enjoining the application of the policy. *Id.* Shortly after litigation commenced, USCIS voluntarily abandoned the reunification authority requirement and argued that plaintiffs' claims were moot. *Id.* at 787. The district court

rejected USCIS's mootness argument. *Id.* at 787–90 (agreeing that "because the [policy] was initially imposed 'under the cover of darkness,' USCIS could reinstate [it] at any time," and holding that "[i]t is difficult to conceive of a new policy that could be more easily abandoned or altered in the future than one resting upon a recent legal re-interpretation."). It also rejected USCIS's argument that its policy changes undermined plaintiffs' irreparable harm. *Id.* at 794–95. Rather, in granting the preliminary injunction under the APA, the court highlighted the "feelings of fear and uncertainty" caused by USCIS's conduct and held that such harms—coupled with USCIS's inability to show that the policy changes were permanent—easily met the irreparable harm prong under *Winter*. *Id.* at 795 ("Such emotional and psychological harms will not be remedied by an award of damages and are, therefore, irreparable.") (citations omitted).

As in *A.O.*, Mr. Liu's F-1 status (and, by extension, his studies and livelihood) is still in jeopardy of erroneous and process-less deprivation. Given Defendants' track record for sudden, unannounced policy changes, a preliminary injunction is the only way to protect Mr. Liu from irreparable harm—including, but not limited to, fear and uncertainty, loss of nonimmigrant status, loss of educational opportunity, and loss of economic livelihood.

Xiaotian Liu,

By and through his Counsel,

*/s/ Gilles Bissonnette*
Gilles R. Bissonnette (NH Bar: 265393)
Henry Klementowicz (NH Bar: 21177)
SangYeob Kim (NH Bar: 266657)
Chelsea Eddy (NH Bar: 276248)
AMERICAN CIVIL LIBERTIES UNION OF
  NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
Phone: 603.227.6678
gilles@aclu-nh.org
henry@aclu-nh.org
sangyeob@aclu-nh.org
chelsea@aclu-nh.org

Ronald L. Abramson (NH Bar: 83593)
SHAHEEN & GORDON P.A.
180 Bridge Street
Manchester, NH 03104
603.792.8472
rabramson@shaheengordon.com

Date: April 29, 2025