# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| XIAOTIAN LIU,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTI NOEM,<br>in her official capacity as the Secretary of<br>Homeland Security,<br>*et al.*,<br><br>    Defendants. | No. 1:25-cv-00133-SE-TSM |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

1

## INTRODUCTION

Defendants request an opportunity to submit their response to Plaintiff's Addendum and Exhibits, ECF Nos. 23, 23-1, 23-2, which was filed before the Court issued its Preliminary Injunction Order, ECF No. 24. Further, under LR 7.2(d), Defendants seek reconsideration of the Court's Preliminary Injunction Order. *See* ECF No. 24.

## RELEVANT PROCEDURAL HISTORY

On April 25, 2025, during a status conference, the parties notified the Court of language provided by U.S. Immigration and Customs Enforcement ("ICE") and the Student Exchange Visitor Program ("SEVP") regarding a forthcoming policy that would provide a framework for SEVIS record terminations.[1] *See* Minute Order, April 25, 2025. The Court's Minute Order indicated: "In light of ICE's announcement today regarding SEVIS record terminations, and for the reasons stated on the record during today's status conference, the court extends the TRO through Tuesday, April 29, 2025." *Id*. On April 28, 2025, ICE provided undersigned counsel for Defendants with its "Policy Regarding Termination of Records," which is dated April 26, 2025 (hereinafter "the Policy"). *See* Exh. A, attached. On April 29, 2025, Plaintiff filed an "Addendum" to his Preliminary Injunction Motion, attaching an email message between counsel in an unrelated case in the District Court for the District of Massachusetts (*Zheng v. Lyons*, 1:25-cv-10893-FDS) and a copy of the Policy from ICE. *See* ECF Nos. 23, 23-1 and 23-2. Plaintiff's counsel notified the Court's Clerk of the filing at 11:56 am. On April 29, 2025 at 1:00 pm, Defendants' counsel notified the Court's Clerk of Defendants' intent to "update the Court and respond to Plaintiff's filing[.]" On April 29, 2025 at 1:23 pm, the Court acknowledged receipt of Defendants' counsel's email by indicating "Thank you[.]" While Defendants

---

[1] Although the Preliminary Injunction Order indicates that on that date, "defendants confirmed that ICE had announced a new policy generally applicable to F-1 nonimmigrant students and their SEVIS records," ECF No. 24 at 2, Defendants clarify that at the status conference, Defendants noted that ICE indicated that it was "developing a policy" that would apply to SEVIS terminations. *See* ECF No. 23-1 (email from an unrelated case indicating the specific language provided by ICE).

2

acknowledge that the Court had extended the "TRO through Tuesday, April 29, 2025," Minute Order, they were not made aware of a specific time by which the Court required the filing of the update and response. On April 29, 2025, on or around 5:38 pm, and before Defendants could file their update and response, the Court issued its Preliminary Injunction Order. *See* ECF No. 24.

The Court's Order notes that "defendants have indicated an intention to respond to Liu's addendum but have not yet responded as of the time of this order[,]" and that it "would be remiss if it failed to acknowledge the uncertainty surrounding the record before the court as it pertains to Liu's preliminary injunction motion." ECF No. 24 at 2. The Court also indicated that it "would prefer to grant the defendants additional time to respond in the hope that this decision could rest on a more definitive record[,]" and that it "therefore analyzes Liu's motion for a preliminary injunction based on the current record and may very well need to reconsider its analysis or the relief granted herein in light of new information or argument." *Id*. Finally, the Court indicated that "[i]f appropriate, the defendants are free to file for reconsideration." *Id*.

## STANDARD OF REVIEW

Motions to reconsider interlocutory orders are governed by Local Rule 7.2(d). *See* LR 7.2(d). Reconsideration is an extraordinary remedy that should be applied sparingly, and is usually limited to situations in which there is "newly discovered evidence" or "an intervening change in the law." *Fujifilm N. Am. Corp. v. M & R Printing Equip., Inc.*, Civ. No. 20-cv-492-LM, 2022 WL 18998942 at *1 (D.N.H. Dec. 16, 2022).

## ARGUMENT

**Plaintiff did not, and cannot, demonstrate an irreparable injury, which is a threshold requirement for preliminary injunctive relief.**

Mr. Liu seeks the extraordinary relief of a preliminary injunction. *See* ECF Nos. 10, 10-1. Under First Circuit law, this requires the threshold showing of irreparable harm. *See Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004); *see also Doe v. Trustees of*

3

*Dartmouth Coll.*, 597 F. Supp. 3d 511, 513 (D.N.H. 2022) (indicating that "if the moving party cannot demonstrate that he is likely to suffer irreparable harm in the absence of a preliminary injunction, the remaining [*Winter*] factors become matters of idle curiosity."). Mr. Liu did not, and cannot, make this threshold showing.

On April 28, 2025, SEVP provided undersigned counsel for Defendants with its "Policy Regarding Termination of Records," which is dated April 26, 2025. *See* Exh. A, attached. The Policy indicates that the SEVP "can terminate records for a variety of reasons" and that "termination does not always result in an adverse impact on the student." *Id*. The Policy applies to Mr. Liu. Moreover, there is no dispute that Mr. Liu's SEVIS record is currently active. And as Defendants have maintained, the previous termination of Mr. Liu's SEVIS record did not terminate his nonimmigrant status because "[t]erminating a record in SEVIS does not terminate an individual's nonimmigrant status in the United States[,]" and SEVP "never claimed that it had terminated [Mr. Liu's] nonimmigrant status." *See* Watson Decl., ECF No. 15-1 at ¶ 11.

Despite Mr. Liu having an active SEVIS record and SEVP's confirmation that it never claimed to have terminated Mr. Liu's nonimmigrant status, his Addendum filed before the Court issued the Preliminary Injunction Order, ECF No. 23 (to which Defendants did not have an opportunity to respond), asserts that he has demonstrated an irreparable injury because "Defendants have not definitively stated that Plaintiff maintains his F-1 student status based on the information currently available to Defendants." *Id*. at 3. But there has been no actual adjudication by DHS on Mr. Liu's F-1 status and he has not provided any evidence to the contrary. And, the burden to establish satisfaction of the factors necessary for preliminary injunctive relief falls squarely on Mr. Liu—not Defendants. *Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006).

In his Addendum, Mr. Liu also conveniently cites to the superseded SEVIS notice issued on April 4, 2025 to assert that he has "profound[] concern[s]" about events relating to his immigration

4

status that may not occur. *See* ECF No. 23 at 3. But when seeking the extraordinary remedy of a preliminary injunction, "the plaintiff's showing must possess some substance; a preliminary injunction is not warranted by a tenuous or overly speculative forecast of anticipated harm." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19 (1st Cir. 1996) (citing *Public Serv. Co. v. Town of W. Newbury*, 835 F.2d 380, 383 (1st Cir. 1987)). In his filing, Mr. Liu uses phrases such as "the United States Government or [Dartmouth] College *could* assert[,]" or a situation "*could* result in serious immigration consequences." ECF No. 23 at 3 (emphases added). But to demonstrate irreparable harm, a plaintiff must state facts to demonstrate more than speculation that he might suffer harm in the future if the court fails to issue the requested injunction. *See Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 6–7 (1st Cir. 1991).

\* \* \*

SEVP's Policy Regarding Termination of Records applies to Mr. Liu and there is no dispute that Mr. Liu's record in SEVIS is active. And, SEVP has confirmed that it never claimed to have terminated Mr. Liu's nonimmigrant status. Accordingly, Mr. Liu did not, and cannot, demonstrate an irreparable injury necessary for the extraordinary remedy of a preliminary injunction.

## CONCLUSION

For these reasons, Defendants request an opportunity to submit their response to Plaintiff's Addendum and Exhibits, ECF Nos. 23, 23-1, 23-2, which was filed before the Court issued its Preliminary Injunction Order, ECF No. 24, and that the Court reconsider its Preliminary Injunction Order.

DATE:  April 29, 2025                               Respectfully submitted,

                                                                    YAAKOV M. ROTH
Acting Assistant Attorney General

DREW ENSIGN
Deputy Assistant Attorney General

By: *s/ Glenn M. Girdharry*
GLENN M. GIRDHARRY
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
General Litigation and Appeals
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4807
Email: glenn.girdharry@usdoj.gov

ALESSANDRA FASO
ALEXANDRA MCTAGUE SCHULTE
Senior Litigation Counsels

**CERTIFICATE OF SERVICE**

      I certify that on April 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

SangYeob Kim
Chelsea Eddy
Gilles R. Bissonnette
Henry Klementowicz
American Civil Liberties Union of New Hampshire
18 Low Ave
Concord, NH 03301
603 224-5591
SangYeob@aclu-nh.org
chelsea@aclu-nh.org
Gilles@aclu-nh.org
henry@aclu-nh.org

Ronald L. Abramson
Shaheen & Gordon PA
1155 Elm Street
Suite 300
Manchester, NH 03101
603-792-8472
rabramson@shaheengordon.com

                                                *s/ Glenn M. Girdharry*
                                                GLENN M. GIRDHARRY
                                                Assistant Director
                                                United States Department of Justice
                                                Civil Division