UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| XIAOTIAN LIU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:25-cv-00133-SE-TSM |
| KRISTI NOEM, | ) | |
| in her official capacity as the Secretary of Homeland Security, | ) | |
| *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION OF DISMISSAL**

Plaintiff and Defendants hereby stipulate to the following:

1. The Student and Exchange Visitor Information System ("SEVIS") record for the Plaintiff in this case has been returned to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").

2. The reactivation of Plaintiff's SEVIS record shall be considered retroactive to the date of its initial termination, April 4, 2025, such that there is no gap or lapse in the Plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen. Because the event history memorializes any modifications made to the SEVIS record, including the termination, within sixty days of this stipulation, SEVP will provide Plaintiff with a letter, to be mailed to his address listed in the SEVIS system, that Plaintiff may rely upon to show the retroactive effect of the reactivation, which will state that the reactivation is retroactive to April 4, 2025.

3. ICE will not re-terminate the Plaintiff's SEVIS record based solely on the National

Crime and Information Center ("NCIC") record that led to the April 4, 2025 SEVIS record termination, nor based on any related prudential visa revocation that is effective upon departure. However, ICE maintains the authority to terminate a SEVIS record including for the reasons set forth in *Exhibit A* (SEVIS Notice – Policy Regarding Termination of Records (Apr. 26, 2025)), such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act ("INA").

4. Defendants' April 4, 2025 termination of Plaintiff's SEVIS record did not terminate his F-1 student status. Absent new information and consistent with ICE's April 26, 2025 policy, Defendants will not terminate Plaintiff's SEVIS record. Absent new information, Defendants will not terminate Plaintiff's F-1 status.

5. Pursuant to INA § 221(i) [8 U.S.C. § 1201(i)], notice of a visa revocation must be communicated to the Department of Homeland Security ("DHS"). DHS has not received any communication from the Department of State that the visa of the Plaintiff in this action has been revoked.

6. On April 26, 2025, ICE adopted a new policy entitled "SEVIS Notice – Policy Regarding Termination of Records" stating as follows: "If [the Department of] State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)." A visa revocation that is effective upon departure rather than immediately—which constitutes a prudential visa revocation—does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy.

7. The termination and reactivation of Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE—including any such record concerning Plaintiff—USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8. To the extent USCIS issues a Request for Evidence ("RFE"), issues a Notice of Intent to Deny ("NOID") during the adjudicatory process, or denies an immigration benefit request that is based in whole or part on the termination and reactivation of Plaintiff's SEVIS record, Plaintiff agrees to provide this Stipulation to USCIS in the first instance. If, after receipt of this Stipulation from Plaintiff, USCIS requires additional information about the scope of this Stipulation from Defendants, Plaintiff's counsel shall notify Defendants' counsel of the information requested by USCIS regarding the scope of this Stipulation and Defendants shall timely provide to USCIS and Plaintiff's counsel their response regarding the scope of this Stipulation.

9. Defendants shall communicate this Stipulation to the Department of State, and Defendants will notify Plaintiff, through counsel, in writing that this communication occurred.

10. Plaintiff shall dismiss this action with prejudice with respect to the April 4, 2025 termination of Plaintiff's SEVIS record but reserves the right to pursue separate litigation if his SEVIS record is terminated again. Each party shall bear its own fees and costs.

Dated: August 8, 2025

SO STIPULATED AND AGREED BY,

| Defendants, | Xiaotian Liu, |
|---|---|
| By and through their counsel, | By and through his Counsel, |
| BRETT A. SHUMATE<br>Assistant Attorney General | */s/ SangYeob Kim*<br>SangYeob Kim (NH Bar: 266657)<br>Gilles R. Bissonnette (NH Bar: 265393) |
| GLENN M. GIRDHARRY<br>Acting Deputy Director | Henry Klementowicz (NH Bar: 21177)<br>Chelsea Eddy (NH Bar: 276248)<br>AMERICAN CIVIL LIBERTIES UNION OF |
| */s/ Alessandra Faso*<br>ALESSANDRA FASO<br>Acting Assistant Director<br>United States Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>General Litigation and Appeals<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Tel: 202.305.9855<br>alessandra.faso@usdoj.gov | NEW HAMPSHIRE<br>18 Low Avenue<br>Concord, NH 03301<br>Tel.: 603.227.6678<br>sangyeob@aclu-nh.org<br>gilles@aclu-nh.org<br>henry@aclu-nh.org<br>chelsea@aclu-nh.org |
| ALEXANDRA MCTAGUE SCHULTE<br>Senior Litigation Counsel | Ronald L. Abramson (N.H. Bar: 83593)<br>SHAHEEN & GORDON P.A.<br>180 Bridge Street<br>Manchester, NH 03104<br>603.792.8472<br>rabramson@shaheengordon.com |